| | |
|---|---|
| SYLVIA ANDERSON,<br><br>**Plaintiff,**<br><br>v.<br><br>JAMES D. AUGUSTE,<br>SUZANNE J. ADAMS,<br>DIANNE T. RENWICK,<br>HECTOR LASSALE, AND<br>SALLIE MANZANET-DANIELS,<br><br>**Defendants.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

## I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. While the affidavit lacks information that the Court would expect in a comprehensive financial affidavit, the Court finds that Plaintiff's reasonable expected expenses exceed her expected income, and she does not otherwise have

sufficient assets with which to pay the filing fees. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II.    Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff alleges only that "Defendants showed fast speed in claims. Defendants are subjected to actions[.] Plaintiff requests this Court to adjudicate." Doc. No. 1. Even liberally construed, these allegations do not plausibly give rise to any cognizable federal claim. Plaintiff's Complaint therefore fails frivolity review and must be dismissed.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order;

2. Plaintiff's Complaint is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 9, 2026

Kenneth D. Bell
United States District Judge

2